## JOHN CARNEGIE v. STATE.

No. A-6008.   Opinion Filed Oct. 22, 1927.
(260 Pac. 88.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of manufacturing whisky, and was sentenced to pay a fine of $500 and to serve six months in the county jail.

The testimony of the state is that on the date charged a witness discovered defendant operating a still, and in a short time certain officers appeared and recovered a large quantity of mash, some whisky, and the still, which in the meantime had been dismantled. Defendant denied that he was at the place or had any connection with this still. This presented a question of fact which was exclusively for the jury, and while the evidence is conflicting it was for them to say whom they would believe or disbelieve. The judgment will not be disturbed for insufficiency of the evidence.

Complaint is also made that the state was permitted to attack the general reputation of the place of residence of the defendant without his having put the same in issue. The place of residence was some two miles from where the still was in operation. Upon this point it appears that defendant sought to impeach the principal witness for the state by showing that upon a former trial he had given different testimony. The state thereupon, over the objection of defendant, introduced his entire testimony on the former trial. This testimony in part did show the bad reputation of the place where defendant resided. The transcript of the entire testimony of the witness was not admissible, but only that part of it touching the matter upon which he was sought to be impeached. Its admission, however, we think, does not require a reversal, but as it may have affected the punishment imposed, justice requires that the judgment be

modified by reducing the punishment to a fine of $250 and to confinement in the county jail for a term of 90 days.

As modified, the judgment is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.